IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARPVISIONS, INC.,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | |
| | ) | |
| **BOROUGH OF PLUM, BOROUGH** | ) | |
| **OF PLUM ZONING HEARING** | ) | |
| **BOARD** and **GREG  BACHY,** | ) | |
| | ) | |
| Defendants | ) | |

**VERIFIED CIVIL ACTION COMPLAINT**

**I.  INTRODUCTORY STATEMENT**

1.      This civil rights action is brought by SharpVisions, Inc. (hereinafter

"SharpVisions"), a Pennsylvania non-profit corporation, that strives, through the provision of

community oriented residential, vocational and habilitative services, to support the efforts of

persons with disabilities to live as independently as possible and to fulfill of their own visions of

successful lives.

2.      Defendants, Borough of Plum (hereinafter "Plum Borough"), Borough of Plum

Zoning Hearing Board and Greg Bachy, have interpreted and applied local laws, ordinances and

rules in a discriminatory manner so as to impose substantial legal impediments and burdens, not

generally applicable to traditional single-family units, on SharpVisions' efforts to operate a home

it owns in Plum Borough as a single-family residence for a person with disabilities.

1

3.     Additionally, Defendants, in violation of federal civil rights statutes and the Constitutions of the United States and Commonwealth of Pennsylvania, have abused legal process and otherwise endeavored to prevent Sharp Visions from using its Plum Borough home as a single-family residence for a person with disabilities, thereby restricting the ability of persons with disabilities to establish single-family residences in the homes of their own choosing in Plum Borough and to enjoy the benefits of a community living experience in that municipality.

4.     Defendants' policies, procedures, and practices, as more fully detailed in the body of this Verified Complaint, are violative of Plaintiffs' civil rights under the Fair Housing Act, 42 U.S.C. §3601 et seq., the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, the equal protection and due process clauses of the Fourteenth Amendment and the Civil Rights Act of 1871, 42 U.S.C. §1983, and the equal protection component of Art. 1, §26 of the Constitution of the Commonwealth of Pennsylvania.

5.     Through this action, SharpVisions seeks an award of declaratory, injunctive, and monetary relief, damages and all other appropriate relief, so as to ensure, protect and effectuate its right to facilitate the residence of persons with disabilities in desirable single-family Plum Borough neighborhoods.

## II. JURISDICTION

6.     The jurisdiction of this court to adjudicate SharpVisions' federal claims is premised upon 28 U.S.C. §§1331 and 1343, which concern the original jurisdiction of district courts over federal questions and the district courts' authority to award appropriate relief for the violation, under color of state law, of any constitutional right or federal statute providing for the protection of civil rights.

7.     The district court is also vested with jurisdiction to adjudicate SharpVisions'
claims by virtue of 42 U.S.C. §3613 (Fair Housing Act), 42 U.S.C. §12133 (Americans with
Disabilities Act) and 29 U.S.C. §794a (§504 of the Rehabilitation Act of 1973).

8.     The court has pendent jurisdiction to adjudicate SharpVisions' state constitutional
claim.

### III.  PARTIES

9.     SharpVisions is a non-profit Pennsylvania corporation that provides a range of
support services to persons with disabilities.  SharpVisions' administrative offices are located at
1425 Forbes Avenue, Pittsburgh, PA 15219.

10.     Defendant Plum Borough is a political subdivision of the Commonwealth of
Pennsylvania operating and existing pursuant to the laws of the Commonwealth. The central
administrative offices of Plum Borough are located at 4575 New Texas Road, Pittsburgh, PA
15239.

11.     Defendant Borough of Plum Zoning Hearing Board is a subdivision of a
municipality organized pursuant to the laws of the Commonwealth of Pennsylvania.  It is the
primary governmental entity charged with administering, interpreting, and enforcing the Borough
of Plum's zoning laws.  Upon information and belief, it is averred  that the address for the
administrative offices of Defendant Zoning Hearing Board is the same as for Defendant Plum
Borough: 4575 New Texas Road, Pittsburgh, PA 15239.

12.     Defendant Greg Bachy is Plum Borough's Planning Director and Zoning Officer.
As Planning Director and Zoning Officer, Defendant Bachy is the municipal official charged
with determining, in the first instance, whether an owner's use of his/her property comports with

3

applicable zoning rules.  Defendant Bachy, on behalf of Plum Borough, also initiates zoning

enforcement proceedings against alleged violators.  He is being sued in his individual and official

capacities.  Defendant Bachy's business address is 4575 New Texas Road, Pittsburgh, PA 15239.

## IV.  FACTS

13.     SharpVisions was founded in 1992 to expand community-based opportunities for

persons who experience challenging disabilities.  It provides a range of services crafted for the

unique needs of each individual client.  Among the services available through SharpVisions are

residential, employment and wraparound services.

14.     SharpVisions currently serves nearly 300 people.  Approximately 250 people are

employed by SharpVisions to deliver services and to facilitate the integration of those served by

SharpVisions into the community, as is appropriate for each individual.

15.     With respect to the residential services provided by SharpVisions, the goal is for

each resident to remain in his/her home on a long-term basis.

16.     Many of the individuals who receive residential services from SharpVisions have

experienced institutionalization in state centers/hospitals or community psychiatric hospitals for

some period of their lives.

17.     SharpVisions' residential services are provided in community-based single-family

homes or apartments.  All but one of these homes and apartments is the residence of either one or

two individuals.

18.     On September 23, 2004, SharpVisions leased the Plum Borough property at 702

Blue Ridge Road, which is the real property at the heart of this litigation.  The lease term was one

year.

19. The property at 702 Blue Ridge Road was zoned "R-2" at all times relevant to this litigation. Singe-family dwellings are a permitted use in areas zoned R-2.

20. Plum Borough's Unified Development Ordinance, which serves as the applicable zoning ordinance, defines the term "Family" as (emphasis added):

> **Either an individual**, or two or more persons related by blood or marriage or adoption, **or a group of not more than five persons not so related** occupying a premises and living as a single housekeeping unit as distinguished from a group occupying a boarding house, lodging house, club, fraternity, or hotel. Household servants employed exclusively on the premises shall be considered part of the family of their employer.

21. SharpVisions rented 702 Blue Ridge Road to use that property as a single-family residence for an individual with disabilities.

22. An adult male with multiple disabilities, including those of a developmental, physical and emotional nature, who shall be referred to in this Verified Complaint as "John Doe," moved into the Blue Ridge Road property rented by SharpVisions on or about October 24, 2004.

23. John Doe was the only resident of 702 Blue Ridge Road during the time SharpVisions rented that property.

24. SharpVisions purchased the 702 Blue Ridge Road property on or about May 24, 2005.

25. John Doe remained as the sole resident of 702 Blue Ridge Road following SharpVisions' purchase of the property.

26. John Doe, because of his disabilities and like other persons receiving residential services from SharpVisions, was unable to live in his own community-based residence in the absence of supports tailored to his individual needs.

5

27.     SharpVisions' employees provided 24 hour support to John Doe at the Blue Ridge Road property on a shift basis.

28.     As with other residents of SharpVisions' homes, John Doe received services designed to enable him to live as independently as possible.

29.     While each resident of a home leased or owned by SharpVisions has individual needs, based upon that person's disabilities, the support services typically provided by SharpVisions' staff might include assistance with cooking, cleaning, hygiene, dressing, transportation, and performance of household chores.

30.     The support services provided by SharpVisions' staff are identical to the services that would be provided by the staff persons if hired by owners of other Plum Borough single-family homes to assist with the care of a child, parent or sibling with disabilities.

31.     None of the SharpVisions' staff who provided support services to John Doe lived at the Blue Ridge Road property.  Each maintained his/her own residence elsewhere.

32.     As a result of living in the Blue Ridge Road property leased/owned by SharpVisions, John Doe was able to enjoy the same amenities, activities and community benefits as other families in the Borough of Plum and its surrounding areas, including dining out, shopping in local stores and using parks and other recreational facilities.

33.     Without community-based single-family homes for persons with disabilities, such as the Blue Ridge Road home operated by SharpVisions, it is improbable that persons with disabilities like John Doe would be able to live in desirable residential neighborhoods.

34.     John Doe was discharged from SharpVisions in October 2005, after living in SharpVisions' Blue Ridge property for one year.

35.     SharpVisions has had no contact with John Doe since his discharge.

36.     SharpVisions intended  to continue using its Blue Ridge home as a residence for another individual with disabilities following John Doe's discharge.

37.     By letter dated June 27, 2005, Defendant Greg Bachy, Plum Borough's Planning Director and Zoning Officer, notified SharpVisions that he considered its use of the Blue Ridge Road property as John Doe's residence to be a "group home" use, as opposed to a "family" use, and that, consequently, SharpVisions was in violation of Plum Borough's Unified Development Ordinance (A copy of Defendant Bachy's letter of June 27, 2005 is attached to this Verified Complaint as "Exhibit 1").

38.     The Unified Development Ordinance defines the term "Group Home" as "A dwelling facility operated for not more than ten persons plus staff, living together as a single housekeeping unit."

39.     Pursuant to Plum Borough's Unified Development Ordinance, group homes are only permitted as conditional uses in areas zoned R-2.

40.     Defendant Bachy's letter of June 27, 2005 also advised SharpVisions of the following restrictions and procedures imposed on those seeking group home conditional use approval that are not imposed, generally, on those using their property as  family residences: minimum setbacks, survey requirements, application/hearing procedures and the payment of application fees.

41.     The Unified Development Ordinance also prohibits group homes from being located within 1,500 feet of any other group home.  This distance requirement is not imposed on those desiring to use their property as family residences.

42.     Defendant Bachy's letter of June 27, 2005 concluded by threatening SharpVisions with fines of up to $500.00 per day if it did not "apply for conditional use approval or terminate the use of the structure as a group home . . . ."

43.     Due to the location and/or dimensions of SharpVisions' Blue Ridge Road property, that property is not eligible for use as a group home under the terms of the Unified Development Ordinance.

44.     Defendant Bachy followed-up his June 27 letter to SharpVisions with a similar letter, dated July 19, 2005 (A copy of Defendant Bachy's letter of July 19, 2005 is attached to this Verified Complaint as "Exhibit 2").

45.     Ruth E. Siegfried, SharpVisions' CEO, responded to Defendant Bachy's letters of June 27 and July 19, 2005 with a letter dated July 27, 2005 (A copy of Ms. Siegfried's letter of July 27, 2005 is attached to this Verified Complaint as "Exhibit 3").

46.     According to Ms. Siegfried's letter of July 27, 2005, SharpVisions was using its Blue Ridge Road property as a private single-family residence and it had no intention of operating a group home.

47.     Defendant Bachy responded to Ms. Siegfried's communication by letter dated August 5, 2005.  In this letter, Defendant Bachy reiterated his position that SharpVisions was operating a group home at its Blue Ridge Road property **regardless of the fact that only one individual resides there . . . ."** (emphasis added) (A copy of Defendant Bachy's letter of August 5, 2005 is attached to this Verified Complaint as "Exhibit 4").

48.     Defendant Bachy's letter of August 5, 2005 also notified SharpVisions, without stating any time limit as required by state law, that an appeal of his determination could be taken to the Plum Borough Zoning Hearing Board.

49.     Although he had not give SharpVisions required notice of appeal rights, Defendant Bachy filed a Private Criminal Complaint against SharpVisions, Inc. on or about August 22, 2005 (A copy of Defendant Bachy's Private Criminal Complaint is attached to this Verified Complaint as "Exhibit 5").

50.     In his Private Criminal Complaint, Defendant Bachy alleged, in part, that SharpVisions (emphasis added):

> operated and continues to operate a group home in a residential neighborhood **for the care of one (1) individual with mental** retardation without obtaining the necessary conditional use approval from the Plum Borough Planning Commission and Council.

51.     A summary trial on Defendant Bachy's Private Criminal Complaint was held before Magisterial District Judge Linda Zucco on November 3, 2005.

52.     Magisterial District Judge Zucco found SharpVisions guilty of using its property in a non-permitted manner and imposed fines and costs of $549.00.  An appeal of this conviction is currently pending before the Allegheny County Court of Common Pleas.

53.     SharpVisions appealed Defendant Bachy's enforcement notice letters to Defendant Zoning Hearing Board by letter dated November 28, 2005.

54.     Defendant Zoning Hearing Board held two days of hearings in connection with SharpVisions' appeal from Defendant Bachy's enforcement notice letters.

9

55.     Contrary to state law, which imposes the initial burden of proof on the party alleging that a property owner is impermissibly using his/her property, Defendant Zoning Hearing Board required SharpVisions to proceed first.

56.     Although SharpVisions protested Defendant Zoning Hearing Board's reversal of the statutorily set burden of proof, it felt compelled to proceed  and  introduced testimony to the effect that its Blue Ridge Road property was used as a single-family residence for one individual and that said use of the property comported with each element of the definition of family contained in Plum Borough's Unified Development Ordinance.

57.      Numerous neighbors and other residents of Plum Borough spoke out at the hearing in opposition to SharpVisions' appeal.  The opposition was largely based on matters not addressed by the definitions of either family or group home.

58.     The following statements are samples of the comments and questions offered by Plum Borough residents in opposition to SharpVisions' appeal:

· · · ·

How can you justify that this is a family home?

How can you stand before me and tell me that this is a family?

· · · ·

A group home could also be construed as a business if there is constantly people hanging out at the home and there's payments made there.

· · · ·

The colored fellow lifting weights in the front yard.

· · · ·

Sir, if this was a family it would be one thing. They were born here. They live here. These people are being brought in.

. . . .

We as the residents in the neighborhood notice that originally when the company took over ownership that several automobiles changing 24 hours rotation and so forth, were parked all around the home.

After it became apparent that the Zoning Board was investigating this particular property, we noticed that the cars started to spread out and move up the street, and we were wondering who might have directed them to do that.

59. Neither Defendant Zoning Hearing Board nor Defendant Bachy informed the residents who spoke at the hearing in opposition to SharpVisions' appeal that SharpVisions' operation of and use of the property as a single-family residence for persons with disabilities is protected by federal and state law.

60. On April 18, 2006, at the conclusion of the second day of hearings on SharpVisions' appeal, Defendant Zoning Hearing Board decided that the use of the Blue Ridge property by SharpVisions was a group home, not a family use, by a vote of 3-2.

61. Subsequent to its April 18, 2006 vote to deny SharpVisions' appeal, Defendant Zoning Hearing Board issued a written Notice Of Decision memorializing its action with respect to the appeal.

62. Defendant Zoning Hearing Board's written Notice Of Decision contains the following finding of fact:

the individuals located at the residence do not qualify as a "Family" under the Plum Ordinance because there is one individual residing at the residence who was placed there by the Applicant agency property owner and the resident is supervised at all times by staff counselors.

11

(A copy of Defendant Zoning Hearing Board's written Notice Of Decision is attached to this Verified Complaint as "Exhibit 6").

63.    The decision of Defendant Zoning Hearing Board denying SharpVisions' appeal is binding upon Plum Borough.

64.    Defendants object to SharpVisions' use of its Blue Ridge Road property as a residence for any individual with disabilities, not just John Doe.

65.    Although there are many persons with disabilities in Allegheny County who might benefit from living in SharpVisions' Blue Ridge Road home, SharpVisions has not allowed anyone to live there following John Doe's departure, due to the threat of daily fines and the legal uncertainties posed by Defendants' actions and positions with respect to its efforts to provide community based single-family residences to persons with disabilities.

66.    The minimum lot size requirement applicable to group homes limits the number of homes available in Plum Borough for use as residences by persons with disabilities who are not able to live independently.

67.    The setback requirement applicable to group homes limits the number of homes available in Plum Borough for use as residences by persons with disabilities who are not able to live independently.

68.    The application and fee requirements imposed on group homes seeking conditional use approval are more onerous procedures than are imposed on those seeking to establish homes in Plum Borough who are recognized by Defendants as satisfying the family definition contained in its Unified Development Ordinance.

69.     The 1,500 foot distance requirement applicable to group homes limits the number of homes available in Plum Borough for use as residences by persons with disabilities who are not able to live independently.

70.     As Defendants interpret and enforce the family and group home definitions in Plum Borough's Unified Development Ordinance, there is no home in Plum Borough that can be used by a non-profit corporation as a residence for 1-5 persons with disabilities, without applying for and going through the process for obtaining conditional use approval.

71.     Defendants do not impose a limit on the number of biologically related family members who are permitted to live in R-2 districts as of right and in the absence of obtaining conditional use approval.

72.     Defendants' failure to explain the right of persons with disabilities to live in single-family homes operated by agencies such as SharpVisions during the Zoning Hearing Board proceedings served to encourage and reinforce hostile resident sentiments, which impede SharpVisions' efforts to fully integrate persons with disabilities into the community.

73.     Unlike Defendants' treatment of SharpVisions, biological families are not subjected to private criminal complaints and enforcement notices when moving into homes zoned R-2.

74.     Unlike their treatment of SharpVisions, Defendants do not restrict biological families to lots larger than 20,000 square feet, regardless of the size of the family.

75.     Unlike their treatment of SharpVisions, Defendants do not require biologically related families locating within Plum Borough to satisfy conditions imposed by municipal officials.

13

76.     Unlike their treatment of SharpVisions, Defendants would not interpret the Plum Borough Unified Development Ordinance so as to consider biologically related families that hire round the clock staff to assist with the care of a family member with disabilities to be group homes.

77.     Without community-based homes for persons with disabilities, such as the Blue Ridge Road home operated by SharpVisions, the ability of persons with disabilities to live in desirable single-family neighborhoods would be profoundly impaired.

78.     Allowing SharpVisions to use its Blue Ridge road home as a residence for an individual with disabilities would not place an undue financial or administrative burden on Plum Borough or fundamentally alter the nature of Plum Borough's zoning scheme.

79.     Defendants have refused to reasonably accommodate SharpVisions's efforts to provide community-based, single-family residences to persons with disabilities.

80.     The policies, procedures and practices described above reflect and constitute the official actions, policies, procedures and practices of Plum Borough and its Zoning Hearing Board.

81.     Defendants' actions, policies, procedures and practices, as described above, substantially interfere with SharpVisions' right to peaceably use, benefit from and enjoy its property.

82.     Defendants' actions, policies, and practices, as described above, served to create and/or exacerbate ill will in the community with respect to SharpVisions and its residents.

83.     Defendant Bachy's conduct with respect to SharpVisions, as  more fully described above, was performed on behalf of himself, as well as on behalf of the other Defendants.

14

84. Defendant Bachy was the authorized decision maker for Defendant Plum Borough in connection with his issuance of enforcement notice letters to and initiation of private criminal proceedings against SharpVisions.

85. Defendants were acting under color of state law at all times relevant to the matters pleaded in this Verified Complaint.

86. As a direct and proximate result of Defendants' above-described conduct, policies, practices and procedures, SharpVisions has been compelled to divert resources, energy, manpower and funds from the pursuit of its mission to assist persons with disabilities to fully integrate into the community.

87. Defendants have chilled SharpVisions from using its Blue Ridge Road property as a single-family residence for individuals with disabilities.

88. SharpVisions has had to continue paying, in the absence of expected income, expenses associated with its ownership of the Blue Ridge Road property, even though Defendants prohibited it from using the property.

89. As a direct and proximate result of Defendants' conduct, policies, practices and procedures, as described above, SharpVisions has suffered damages and incurred fines and other related expenses.

90. SharpVisions has suffered and will continue to suffer irreparable injury as a direct and proximate result of Defendants' conduct, policies, practices and procedures, as described above, until such time as its rights are vindicated.

91.     There is no adequate remedy at law through which SharpVisions can expeditiously establish and enforce its right to occupy and freely use its Blue Ridge Road property.

92.     SharpVisions' believes and therefore avers that Plum Borough is the recipient of federal financial assistance.

## V.  LEGAL CLAIMS

### FIRST CAUSE OF ACTION - FAIR HOUSING ACT
### (All Defendants)

93.     The Fair Housing Act, 42 U.S.C.  §3601 et seq., prohibits housing discrimination on the basis of a disability.  The FHA makes it unlawful:

to discriminate in the sale or rental, **or to otherwise make unavailable or deny**, a dwelling to any buyer or renter because of a handicap of [the renter or buyer, any person residing in the home and/or anyone associated with the buyer or renter].

42 U.S.C. §3604 (f)(1) (emphasis added).

94.     The FHA also makes it unlawful for governmental entities, such as the instant Defendants, to refuse to make "reasonable accommodations in rules, policies, practices or services ...." when such accommodations may be necessary to facilitate the enjoyment of community-based housing by individuals with disabilities.  42 U.S.C.  §3604 (f)(3)(B).

95.     Furthermore, the FHA operates so as to invalidate:

any law of a State, a political subdivision, or other such jurisdiction that purports to require or permit any action that would be a discriminatory housing practice ....

42 U.S.C.  §3615.

16

96.     Any person who has been injured by a discriminatory practice or who believes that a person will be injured by an imminent discriminatory housing practice has standing to enforce the FHA.  42 U.S.C.  §3602 (i).

97.     The policies, practices, and conduct of Defendants, as described above, violate SharpVisions rights, as secured by the FHA, in that said policies, practices and conduct have operated so as to restrict and deny housing opportunities to the persons with disabilities SharpVisions would have live in its Blue Ridge Road home.

98.     The policies, practices and conduct of Defendants, as described above, violate the right of SharpVisions to provide neighborhood-based housing to persons with mental and/or physical disabilities.

## SECOND CAUSE OF ACTION - REHABILITATION ACT OF 1973
### (Defendant Borough of Plum)

99.     Section 504 of the Rehabilitation Act of 1973 prohibits any program or activity receiving federal financial assistance from discriminating against otherwise qualified people on the basis of their disabilities.  29 U.S.C. §794.

100.     As a service provider who was subjected to legal action and whose use of its property is restricted due to its efforts to provide neighborhood based, family environment, residential services to persons with mental retardation, SharpVisions is entitled to legal protection under §504.

101.     The policies, practices, and conduct of Defendant Borough of Plum, as described above, violate the right of SharpVisions to provide neighborhood-based housing to persons with mental and/or physical disabilities.

17

**THIRD CAUSE OF ACTION - AMERICANS WITH DISABILITIES ACT**
**(Defendants Borough of Plum and Borough of Plum Zoning Hearing Board)**

102.    The ADA prohibits qualified individuals with disabilities from being:

excluded from participation in or denied the benefits of the services, programs or activities of a public entity, or [from] being subjected to discrimination by any such entity.

42 U.S.C. §12132.

103.    The ADA requires public entities to make

reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

28 C.F.R. § 35.130(b)(6).

104.    Defendants Borough of Plum and Borough of Plum Zoning Hearing Board are

"public entities" as defined by the ADA.  42 U.S.C. § 12131.

105.    The individuals who would live in SharpVisions Blue Ridge Road property, by

virtue of their mental and physical deficits, are among those entitled to the protections of the

ADA.

106.    As a service provider who was subjected to legal action and whose use of its

property is restricted due to its efforts to provide neighborhood-based, family environment,

residential services to persons with disabilities, SharpVisions is also entitled to legal protection

under the ADA.

18

107.    The policies, practices, and conduct of Defendants, as described above, violate SharpVisions' rights as secured by the ADA, in that said policies, practices, and conduct have operated so as to restrict and deny it from lawfully using its property and from fulfilling its mission of providing individuals with disabilities the opportunity of benefitting from neighborhood-based single-family residency.

## FOURTH CAUSE OF ACTION - 42 U.S.C. §1983 (EQUAL PROTECTION)
## (All Defendants)

108.    In that the policies, practices, and conduct of Defendants, as described above, restrict SharpVisions' lawful use of its property as a single-family dwelling for individuals with disabilities and are evidence of Defendants' disparate treatment of SharpVisions because of its intended use of its property, SharpVisions has been subjected to disability-based arbitrary, capricious, and irrational discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## FIFTH CAUSE OF ACTION - 42 U.S.C. §1983 (PROCEDURAL DUE PROCESS)
## (All Defendants)

109.    SharpVisions has  legally protected property and liberty interests in being able to use its Blue Ridge Road property for all lawful purposes.

110.    SharpVisions' intended use of its property is lawful under federal, state and local law.

111.    Defendants' initiation of criminal proceedings against SharpVisions without having provided required notice of its right to appeal Defendant Bachy's notice of enforcement/violation letters and its refusal to follow mandated procedures during the Zoning

Hearing Board proceedings resulted in the deprivation of SharpVisions' constitutionally protected property and liberty interests in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### SIXTH CAUSE OF ACTION - ARTICLE 1, §26 OF THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA (EQUAL PROTECTION) (All Defendants)

112.    Article 1, §26 of the Pennsylvania Constitution provides as follows:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

113.    The policies, practices, and conduct of Defendants, as described above, restricts SharpVisions' lawful use of its property as a single-family dwelling for individuals with disabilities, and are evidence of Defendants' disparate treatment of SharpVisions because of its intended use of its property, SharpVisions has been subjected to disability-based arbitrary, capricious, and irrational discrimination in violation of the equal protection provisions of Article 1, §26 of the Pennsylvania Constitution

### VI.  PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1.      exercise jurisdiction over this action;

2.      issue appropriate declaratory relief and preliminary and permanent injunctive relief, including a declaration that Defendants have violated the Fair Housing Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Article 1, Section 26 of the Pennsylvania Constitution, and ordering Defendants to allow Plaintiff SharpVisions,

20

Inc. to operate its home on Blue Ridge Road as a residence
for not more than five individuals with disabilities, as
permitted by the family use provisions of the Borough of
Plum Unified Development Ordinance;

3.     award appropriate compensatory damages; and

4.     grant such other relief as may be appropriate, including
reasonable attorneys' fees, litigation expenses, and costs.

Date: May 1, 2006                              Respectfully submitted,

                                               S/ Jon Pushinsky
                                               JON PUSHINSKY
                                               Pa. I.D. No. 30434
                                               1808 Law & Finance Building
                                               429 Fourth Avenue
                                               Pittsburgh, PA 15219
                                               (412) 281-6800

                                               Counsel for Plaintiff SharpVisions, Inc.